UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OMAR ALSOOFI,<br>　　Plaintiff,<br>　　v.<br><br>UNITED STATES MERIT<br>SYSTEMS PROTECTION<br>BOARD,<br>　　Defendant.<br>_____/ | Case No. 23-10686<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO
DISMISS (ECF No. 8)**

**I.    BACKGROUND**

Plaintiff Omar Alsoofi filed this action seeking review of a final decision of the United States Merit Systems Protection Board ("MSPB") on March 23, 2023. MSPB moved to dismiss the complaint for two reasons: (1) the complaint does not contain enough factual allegations to state a viable claim to relief and (2) Plaintiff named the wrong defendant.  (ECF No. 8).  On the second argument, MSPB asserts that the head of the Internal Revenue Service, Plaintiff's employer, is the proper defendant because Plaintiff alleges both a decisional error by the MSPB and discrimination by the Internal Revenue Service.  The motion is fully briefed.  This

case was referred to the undersigned for all pretrial matters. (ECF No. 9). For the reasons below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

## II. ANALYSIS AND RECOMMENDATIONS

### A. Governing Standards

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.  Discussion

According to the MSPB final order filed with Plaintiff's complaint, Plaintiff appears to be a revenue officer with the Internal Revenue Service. He accepted a position as a Criminal Investigator and began training at a facility in Georgia. After failing three examinations, Plaintiff was removed from the training facility and reinstated in his former position as a revenue officer in Pontiac, Michigan. (ECF No. 1, PageID.8-9). He appealed his removal to the MSPB alleging that his involuntary transfer from the Criminal Investigator position back to his former

position was a reduction in pay and grade. He also argued that the decision to remove him from training was discriminatory. (*Id.* at PageID.10). The MSPB appeal was dismissed for lack of jurisdiction. The Administrative Law Judge found that Plaintiff did not suffer a reduction in grade, thus the MSPB lacked jurisdiction to consider the appeal. Plaintiff's discrimination claim was not considered. (*Id.* at PageID.10-11).

Plaintiff's administrative petition for review of that decision was rejected on February 28, 2023, because his pay was not reduced. The MSPB final order gave Plaintiff 60 days in which to petition for review with the Court of Appeals for the Federal Circuit, or if the claim is based in whole or in part on discrimination, 30 days in which to file with the appropriate District Court. (*Id.* at PageID.13-14). As to the latter, the decision cited 5 U.S.C. § 7703(b)(2) and *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017). Plaintiff filed this lawsuit within 30 days of the final decision. In his answer to the basis of federal question jurisdiction, Plaintiff copied those two citations. Because of this, it appears Plaintiff tried to bring this lawsuit both to challenge the dismissal of his appeal and to challenge discrimination in the employment decision.

As Defendant notes, Plaintiff's complaint is extremely sparse as there are no facts alleged. Plaintiff stated only that the MSPB incorrectly dismissed his claim for lack of jurisdiction and did not address his discrimination claim. Nowhere in

4

the complaint is there information about what the discrimination claim involves. In response to Defendant's argument that the complaint is too sparse in violation of Federal Rules of Civil Procedure 8 and 12, Plaintiff acknowledged that his complaint was bare, so he provided more information in his response brief. This information is limited to his argument that the involuntary transfer caused a reduction in pay, thus the MSPB had jurisdiction to hear his appeal. (ECF No. 11). He did not address a discrimination claim. Assertions in a response brief, however, are not part of a complaint and cannot be considered allegations. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")) (citation omitted).

The complaint allegations are insufficient to state a claim to relief. As explained above, the complaint needs to contain enough factual detail to support the inference that the defendant is liable for the conduct alleged. Plaintiff did not meet this standard. For this reason, the complaint should be dismissed without prejudice so that Plaintiff may refile a proper complaint.

The undersigned will address the issue of the proper defendant in the event that Plaintiff refiles a complaint. The MSPB asserts that the proper defendant is the head of the Department of Treasury. Citing *Stone v. Merit Sys. Prot. Bd. Dall.*

5

*Reg'l Office*, 875 F.2d 867, 1989 WL 51403, at *1 (6th Cir. 1989), it argues that because Plaintiff brought a "mixed" case in which Plaintiff alleges that an appealable agency action was effected because of discrimination, the MSPB is not the proper defendant.

*Turner v. Merit Systems Protection Board*, 2021 WL 3852743 (W.D. Tenn. July 29, 2021), is helpful. In that case, the pro se plaintiff, a United States Postal Service worker, filed an appeal with the MSPB alleging that he was not restored to his position after a compensable injury. Unsuccessful, he then filed a lawsuit seeking review of an MSPB decision and alleging that the Postal Service discriminated against him. The appeal was dismissed for lack of jurisdiction based on the lack of nonfrivolous allegations. *Id.* at *1-2. That dismissal is similar to Plaintiff's dismissal—the MSPB concluded it did not have jurisdiction because Plaintiff's claim lacked merit.

The MSPB moved to dismiss arguing that it was not the proper defendant, that the Postmaster General was because Turner raised a "mixed" case. A "mixed" case is one in which "a federal employee complains of a serious adverse employment action taken against him, one falling within the compass of the [CSRA], and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws." *Perry*,

6

137 S. Ct. at 1988. Based on Plaintiff's complaint identifying discrimination as a claim, it appears he brought a "mixed" claim.

The *Turner* court reviewed case and statutory law to determine who is the proper defendant. The court concluded that the head of the agency is the proper defendant in cases such as this. *Turner*, 2021 WL 3852743, at *5-8. The court's reasoning is persuasive. In mixed cases in which the MSPB appeal was dismissed on jurisdictional grounds for merits-based reasons, and the plaintiff attributes the adverse employment action at least in part to discrimination, the proper defendant is the head of the agency, not the MSPB. *Id.* at *7 ("Because this case seemingly presents a mixture of both jurisdictional and merits issues, the proper defendant is the Postmaster General."). This is because the MSPB reviews the claimant's appeal from the agency's action. So when the plaintiff claims that the agency discriminated against him, the appeal board is not the proper defendant.

Because of Plaintiff's insufficient complaint, substituting the MSPB for the proper defendant does not solve the issue. Thus, the undersigned recommends that the complaint be dismissed without prejudice. If this recommendation is adopted, the undersigned further recommends that Plaintiff be given a period of time in which to file a new complaint with sufficient factual detail naming the proper defendant. If he does not file a new complaint against the proper defendant, then the case should be dismissed without prejudice.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**, and that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** with a period of time in which to file a new, proper complaint.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 2, 2023.
s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 2, 2023.

s/Sara Krause
Case Manager
(810) 341-7850